224

# CIRCUIT COURT OF FAIRFAX COUNTY

John P. Forest et al.

v.

Hilltop House Associates et al.

June 16, 1999

Case No. (Misc.) 74400

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on the plaintiffs' Motion to Enter an Order Confirming an Arbitration Award, and the defendants' opposition to that motion and their own Motion to Vacate an Arbitration Award. For the reasons stated below, plaintiffs' Motion to Enter an Order Confirming an Arbitration Award is granted, and defendants' Motion to Vacate an Arbitration Award is denied.

Following an arbitration hearing on June 3, 1998, the arbitrator in the above matter issued a letter award on July 23, 1998. That award was in the amount of $10,000.00 plus interest in favor of John P. Forest and John P. Forest, Trustee of the John P. Forest, D.D.S., P.A., Profit Sharing Plan, against Hilltop House Associates, William H. Stanhagen, H. Peter Meisinger, and Donald Morton, jointly and severally. Thereafter, Mr. Meisinger died and his estate was named as a party in these motions.

Plaintiffs seek to confirm the arbitration award rendered on July 23, 1998. Defendants seek to vacate the award on a variety of grounds, but principally:

(1) That neither plaintiff had the right to invoke arbitration in this matter and that the defendants properly raised that jurisdictional issue before the arbitrator.

(2) That the arbitration award arises from the nonpayment of a note owed by Hilltop *Hotel* Associates, not Hilltop House Associates, and that no partnership by the name of Hilltop House Associates existed.

*The arbitrator's letter award of July 23, 1998,* indicates that the defendants raised the first of the above objections for the first time at the end of the arbitration hearing. The arbitrator allowed them to brief the issue and then ruled that they had waived the jurisdictional objection by failing to raise it in timely fashion. Defendants assert that this jurisdictional objection was raised early on in the hearing. Relying on the arbitrator's letter opinion, I find to the contrary. Both parties agree that resolution of this issue turns on an interpretation of § 8.01-581.010 of the Code of Virginia. That statute provides in part that a court shall vacate an arbitration award where "[t]here was no arbitration agreement and the issue was not adversely determined in proceedings under § 8.01-581.02 and the party did not participate in the arbitration hearing without raising the objection." All parties agree that the issue was not adversely determined in a preceding under § 8.01-581.02.

The issue before this court is one of apparent first impression: whether a party may participate fully in an arbitration hearing through the evidentiary phase and then claim lack of an arbitration agreement at the conclusion of the evidence? I find that it may not. This issue bears a striking resemblance to raising a jurisdictional issue by special appearance. The contesting of jurisdiction by special appearance must be made at the outset and in unequivocal fashion. By analogy, a party may not participate fully in an arbitration proceeding through the presentation of all of the evidence, and then (perhaps depending on how unfavorable the evidence was) raise for the first time the lack of an arbitration agreement. I find that defendants here waived this defense.

Whether the proper partnership was named as a defendant is an issue to be faced in efforts to collect on the judgment. It is not an issue upon which the arbitration award may be vacated.